# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DARSHAWN WITHERSPOON,

        Plaintiff,

  v.                                    CASE NO. 13-3069-SAC

WYANDOTTE COUNTY, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By its order of June 11, 2013, the court directed plaintiff to submit certified financial records and to show cause why this matter should not be dismissed for failure to state a claim for relief.

Plaintiff has filed a motion for additional time (Doc. 4) and two responses (Docs. 5 and 6). The first response contains financial records from the Wyandotte County Detention Center. The court has considered the financial transactions for the months of March, April, and May 2013, and finds one deposit of $18.67 and a balance of $2.92 in one month. The court has calculated an initial partial filing fee of $1.00, based upon 20% of the larger amount, rounded to the lower half dollar. See 28 U.S.C. § 1915(b). Plaintiff will be required to pay the balance of the $350.00 filing fee in installment payments.

Plaintiff's second response consists of a two-page pleading alleging claims of conflict of interest, antagonizing conditions, police brutality, false incarceration, cruel and unusual punishment, and miscarriage of justice. In support, he attaches an affidavit for application for warrant dated March 12, 2009, describing incidents

occurring in the Wyandotte County Detention Facility in which plaintiff threatened to kill deputies upon his release from confinement; a six-count criminal information charging plaintiff with the delivery and distribution of cocaine and the failure to affix appropriate tax stamps; and an affidavit for application of warrant prepared in March 2013 describing controlled purchases of crack cocaine from the plaintiff in November and December 2012.

Plaintiff proceeds pro se, and the court construes his pleadings liberally but does not serve as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2006).

To avoid dismissal, plaintiff's "complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face,'" a threshold that is higher than a mere possibility or a conceivable claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's pleading only broadly asserts claims, and he has made no argument of fact or law that specifically refers to the attachments or to any specific act or omission that allegedly violated his rights. The legal pleadings attached concern criminal allegations against plaintiff, but they do not establish any misconduct, conflict of interest, or other wrongdoing by any defendant. The court concludes plaintiff has not stated a plausible claim and that this matter must be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted. Plaintiff is directed to submit the initial partial filing fee of $1.00 to the clerk of the court on or before August 17, 2013. Payments shall

continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion for extension of time to file response (Doc. 4) is granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim for relief.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 17th day of July, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge